IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-17-CR-1286-KC-3 |
| | § | |
| VERONICA MARTINEZ | § | |
| CARRERA-PEREZ. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Veronica Martinez Carrera-Perez, Register Number 29033-013, asks the Court to order her early release from prison in a "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) and Emergency Release due to the Corona Virus . . ." Def.'s Mot. for Release, ECF No. 1277. Carrera-Perez is serving a 288-month sentence for drug trafficking and money laundering.  J. Crim. Case, ECF No. 1024.  Her presentence investigation report lists prior drug-trafficking convictions in cause number EP-02-CR-1399-DB in the Western District of Texas and cause number 1:99-CR-00262-RPM-2 in the District of Colorado.  PSR, ECF No. 1004, ¶¶ 76, 77.  Her projected release date is May 26, 2038.  *See* www.bop.gov/inmateloc (search for Reg. No. 29033-013), last visited Apr. 15, 2020.  Carrera-Perez claims she may have breast cancer and "[t]here would be little to shield her from the Corona Virus if and when it hits the prison system." Def.'s Mot. for Release at p. 3.

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.' "  *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). The Court may modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  Section 3582(c) specifically provides:

> (c) Modification of an imposed term of imprisonment. -- The court may not

> modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case --
>
> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.[1]

The Sentencing Commission provides a policy statement concerning 18 U.S.C. § 3582 in the Sentencing Guidelines. *Barber v. Ives*, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *3 (D. Or. Feb. 20, 2018). Sentencing Guideline § 1B1.13 stipulates "the court may reduce a term of imprisonment" if it determines that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person," and (3) "the reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2019). The commentary to § 1B1.13 defines extraordinary and compelling reasons to include:

---

[1] A prior version of 18 U.S.C. § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See Mohrbacher v. Ponce*, No. CV 18-00513-DMG, 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the First Step Act); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (also discussing modifications made to § 3582(c)(1)(A) by the First Step Act).

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include . . . end-stage organ disease . . .

*Id.* at cmt. n.1. While § 1B1.13 "has not yet been updated to reflect" the First Step Act's provision allowing defendants—rather than only the Bureau of Prisons—to apply for compassionate release, courts have "universally" relied on this section for guidance in determining when extraordinary and compelling reasons merit a sentence reduction. *United States v. McGraw*, No. 2:02-CR-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019).

The defendant "bears the burden of establishing that compassionate release is warranted." *United States v. Heromin*, Case No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). To obtain relief, a defendant must affirmatively meet this burden by producing relevant medical and prison records to establish his claim.

The Court finds that Carrera-Perez has not yet initiated the administrative review process—but realizes that under the recent amendments to the law she may easily correct the deficiency. The Court also finds that Carrera-Perez provides no evidence she terminally ill, and her current situation falls short of the extreme conditions a prisoner must exhibit to merit a compassionate release. The Court further finds that Carrera-Perez's criminal record suggests she remains a potential drug trafficker and a danger to the safety of others if immediately released from prison. The Court concludes, therefore, that Carrera-Perez's release would not be consistent with the Sentencing Commission's policy statement. The Court also concludes that Carrera-Perez has not met her burden of showing extraordinary and compelling reasons which would warrant her

early release from prison—or placement in home confinement.

Therefore, after due consideration, Carrera-Perez's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) and Emergency Release due to the Corona Virus . . ." (ECF No. 1277) is **DENIED**.

SIGNED this 15th day of April, 2020.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE