**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **VERONICA MARTINEZ** | § | |
| **CARRERA-PEREZ,** | § | |
| **Reg. No. 29033-013,** | § | |
| **Movant,** | § | |
| | § | **EP-20-CV-122-KC** |
| **v.** | § | **EP-17-CR-1286-KC-3** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER
VACATING AND REINSTATING A JUDGMENT IN A CRIMINAL CASE AND
DISMISSING MOVANT'S MOTION UNDER 28 U.S.C. § 2255**

Veronica Martinez Carrera-Perez challenges her 288-month sentence for drug trafficking and money laundering through a motion under 28 U.S.C. § 2255.   Mot. to Vacate, ECF No. 1281.[1]   Carrera-Perez claims, among other things, that her appointed counsel provided ineffective assistance when she "failed to go over pros/cons of appeal or to file notice of intent to appeal."   *Id.* at p. 6.   After reviewing the record and for the reasons discussed below, the Court will vacate and reinstate the judgment in Carrera-Perez's criminal case, EP-17-CR-1286-KC-3, recommencing the fourteen-day period for her to file a timely notice of appeal.   The Court will additionally dismiss Carrera-Perez's § 2255 motion without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

In 2016, Drug Enforcement Administration special agents began investigating a drug-trafficking organization based in Michoacán, Mexico.   *See* Plea Agreement (Factual Basis), ECF No. 844 (providing a more complete summary of the facts).   They identified Carrera-Perez as a U.S.-based leader operating from El Paso, Texas.   They determined

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-17-CR-1286-KC-3.   Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Carrera-Perez recruited couriers and coordinated deliveries of cocaine, methamphetamine, and heroin to destination cities throughout the United States.   They seized approximately 1.982 kilograms of heroin, 33 kilograms of cocaine, and 23.13 kilograms of pure methamphetamine during their investigation.   They also identified approximately fourteen unseized drug loads transported from Mexico to locations throughout the United States by members of the conspiracy.

A grand jury in El Paso returned a ten-count, third superseding indictment charging Carrera-Perez and others with multiple drug trafficking and money laundering offenses.   Third Superseding Indictment, ECF No. 288.

Carrera-Perez's appointed counsel successfully negotiated a plea agreement with the Government.   Plea Agreement, ECF No. 844.   Under its terms, Carrera-Perez agreed to plead guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, conspiracy to possess more than 50 grams of methamphetamine, and conspiracy to launder money.   Plea Agreement, p. 1.   She also waived her right to appeal the "conviction or sentence on any ground."   *Id*. at 4.   And she admitted that "that she knowingly and willfully agreed and conspired with the individuals named in the indictment."   *Id*. at 15.   In exchange, the Government agreed to dismiss the remaining counts pending against her at the time of her sentencing.   *Id.* at 2.

Carrera-Perez was sentenced to 288 months' imprisonment.   J. Crim. Case, ECF No. 1024.   She did not file a notice of appeal.   Her projected release date is May 26, 2038.   See https://www.bop.gov/inmateloc/ (search for Register Number 29033-013).   She now asserts, among other things, that her appointed counsel provided constitutionally ineffective assistance when she failed to advise her of her appellate rights or file a notice of appeal.   Mot. to Vacate,

ECF No. 1281, p. 3–6.   She asks for a "sentence reduction."   *Id*. at p. 9.

## APPLICABLE LAW

A § 2255 motion " 'provides the primary means of collateral attack on a federal sentence.' "   *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).   Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.   *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987).   Before a court will grant relief, however, the movant must establish that (1) her "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."   *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).   Ultimately, the movant bears the burden of establishing her claims of error by a preponderance of the evidence.   *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

An ineffective-assistance-of-counsel claim may be presented in a § 2255 motion and is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).   To prevail, a movant must show (1) that her counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense.   *Strickland*, 466 U.S. at 689–94.   "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.' "   *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688).   This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient

performance led to an unfair and unreliable conviction and sentence.   *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).   "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "   *Conley*, 349 F.3d at 841 (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).   If the movant fails to prove one prong, it is not necessary to analyze the other.   *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## ANALYSIS

Carrera-Perez claims her counsel provided constitutionally ineffective assistance.   Mot. to Vacate, ECF No. 1281, pp. 3–6.   Specifically, she asserts on our occasions that her "[a]ttorney failed to file notice of intent to appeal or to go over pros/cons of appeal with the Defendant."   *Id*.

"[C]ounsel is constitutionally required to fully inform the defendant as to his appellate rights." *White v. Johnson*, 180 F.3d 648, 652 (5th Cir. 1999).   Moreover, "[t]he Constitution requires that 'the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal.' "   *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994) (quoting *Qualls v. United States*, 774 F.2d 850, 851–52 (7th Cir. 1985)).   "[C]ounsel's failure to inform [a defendant] of the time limit for filing an appeal [is] objectively unreasonable."   *United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993).   Furthermore, the failure to file a requested notice of appeal is per se ineffective assistance of counsel, with or without a showing that the appeal would have merit.   *Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000).

-4-

Assuming Carrera-Perez's allegations are true, her counsel's deficient performance deprived her of more than a fair judicial proceeding—it deprived her of an appellate proceeding altogether. She is entitled to relief.

The Court has " 'broad and flexible power . . . to fashion an appropriate remedy' " in a § 2255 proceeding.   *United States v. Stitt*, 552 F.3d 345, 355 (4th Cir. 2008) (quoting *United States v. Hillary*, 106 F.3d 1170, 1171 (4th Cir. 1997); *see also Andrews v. United States*, 373 U.S. 334, 339 (1963) ("a § 2255 proceeding can . . . be utilized to provide a . . . flexible remedy"); *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[W]e note the broad leeway . . . afforded district courts in the exercise of their § 2255 authority . . . because a district court's power under § 2255 'is derived from the equitable nature of habeas corpus relief.' ") (quoting *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)).

Under the circumstances in this case, permitting Carrera-Perez to pursue an out-of-time appeal would serve as an equitable and appropriate remedy.   *See Gipson*, 985 F.2d at 215 ("In the context of the loss of appellate rights, prejudice occurs where a defendant relies upon his attorney's unprofessional errors, resulting in the denial of his right to appeal."); *Childress v. Lynaugh*, 842 F.2d 768, 772 (5th Cir. 1988) ("Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost.").

In the Fifth Circuit, "the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice."   *United States v. West*, 240 F.3d 456, 460 (5th Cir. 2001).   The sentencing court then reinstates the movant's judgment of conviction to reset the time of which his appeal should run.   *See United States v. Flores*, 442 F. App'x 123, 124 (5th Cir. 2011) ("Once the judgment is reentered, [Defendant]'s notice of appeal will be treated as if it was filed on the date of or after reentry.").

-5-

This procedure remedies counsel's deficiency by providing a § 2255 movant with the opportunity to file a notice of appeal from the re-imposed sentence within the fourteen days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).   *See West*, 240 F.3d at 459 (explaining the Fifth Circuit Court of Appeals sanctions this procedure, noting the distinction between the judicial and statutory remedy).

### CONCLUSION AND ORDERS

Accordingly, for the reasons discussed above, the Court enters the following orders:

**IT IS ORDERED** that Carrera-Perez's pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1281) and civil cause number EP-20-CV-122-KC are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the "Judgment in a Criminal Case" entered in cause number EP-17-CR-1286-KC-3 (ECF No. 1024) is **VACATED** and **REINSTATED** as of the date a final judgment is entered in the instant civil cause, **recommencing the fourteen-day period for filing a timely notice of appeal** set forth in Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

**IT IS FURTHER ORDERED** that Carrera-Perez is **DENIED** a certificate of appealability concerning her § 2255 motion.[2]

**IT IS FURTHER ORDERED** that all pending motions in the above-numbered causes, if any, are **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **REFERRED** to United States Magistrate Judge Miguel A. Torres to determine whether Carrera-Perez remains eligible for court-appointed counsel in accordance with 18 U.S.C. § 3006A and Federal Rule of Criminal Procedure 44.   If Carrera-Perez is eligible, the Court **DIRECTS** Magistrate Judge Torres to appoint counsel for her direct appeal.

---

[2] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** the civil case, EP-20-CV-122-KC.

**SIGNED this 11th day of May, 2020.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE